

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

May 25, 1970

Mr. Robert H. Green, Chairman
Texas State Board of Landscape
  Architects
P. O. Box 12292
Capitol Station
Austin, Texas 78711

Opinion No. M- 641

Re: Extent of authority of
the Texas State Board of
Landscape Architects to
make inquiry into qualifi-
cations of applicants for
license as Landscape Ar-
chitect under Article 249c,
V.C.S.

Dear Mr. Green:

You have requested an opinion from this office concerning the extent of the authority of your Board under Article 249c, Vernon's Civil Statutes, to inquire into the qualifications of applicants for license as a Landscape Architect.

Your questions to us are:

(1) Whether the terminology of the "grand-father" clause of said Article makes it mandatory to issue a license without examination, to any individual, otherwise qualified, who makes application for same and states that he has, for a period of not less than three years, regularly represented himself to be landscape architect engaged in the practice of landscape architecture, or,

(2) Whether the Board has authority under this Article to make further inquiry into the contents of the application where they are not satisfied as to the applicant's qualifications as defined in this Article, and require specific evidence of his qualifications to receive a license without examination.

Section 5(a) of Article 249 (c), containing the "grand-father" clause reads as follows:

"Any person over the age of 21 years not-withstanding any other provisions of this Act, who

-3063-

submits evidence to the board that prior to the passage of this Act, that he is a resident of Texas and a citizen of the United States, possesses good moral character, and who has, for a period of not less than three years, regularly represented himself to be a landscape architect engaged in the practice of landscape architecture, as defined in this Act, shall be entitled to receive, without examination, a license to practice landscape architecture as a landscape architect, if he files such application within six months of this Act being enacted into law.  Such application shall be accompanied by a fee of $50."

Section 1(b) of Article 249(c) defines the meaning of "Landscape Architect" as follows:

"'Landscape Architecture' means the performance of professional services such as consultation, investigation, research, preparation of general development and detailed design plans, studies, specifications and responsible supervision in connection with the development of land areas where, and to the extent that, the principal purpose of such service is to arrange and modify the effects of natural scenery for aesthetic effect, considering the use of natural forms, features, and plantings, including ground and water forms, vegetation, circulation, walks, and other landscape features to fulfill aesthetic and functional requirements but shall not include any services or functions within the definition of the practice of Engineering, Public Surveying, or Architecture as defined by the laws of this state."

Section 4(a) of Article 249(c), provides, in part, that:

". . . the board shall not have any power or authority to amend or enlarge upon any provision of this Act by rule or regulation or by rule or regulation to change the meaning in any manner whatsoever of any provision of this Act.
. . ."

It follows that it is mandatory that the Board issue a license as a Landscape Architect to all applicants over the age

of 21 years who are citizens of the United States and possess good moral character, etc., who state that they have, for a period of not less than three (3) years, regularly represented themselves to be landscape architects engaged in the practice of landscape architecture, unless the Board is not satisfied as to said applicant's having met the requirements defined under Section 5(a). To the contrary, it is a responsibility of the Board to satisfy themselves by whatever reasonable inquiry is necessary that such applicants are qualified, as defined in Section 5(a), and deny a license to applicants, where they do not meet such requirements. The Board is not authorized to require an examination as to professional qualifications.

## S U M M A R Y

It is mandatory that the Texas State Board of Landscape Architects issue a license as a Landscape Architect, without examination, to all applicants, otherwise qualified, who state that they have, for a period of not less than three (3) years, regularly represented themselves to be Landscape Architects engaged in the practice of landscape architecture, unless the Board is not satisfied as to said applicant's having the requirements as defined under Section 5(a). It is a duty and responsibility of said Board to satisfy themselves by whatever reasonable inquiry is necessary, that such applicants meet the requirements of Section 5(a) and to deny a license to applicants where they do not meet such requirements.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam L. Jones, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ivan Williams
Jack Goodman
Fielding Early
Jack Sparks

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant